IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |
|---|---|
| YONG HO NAM,          )<br>          Petitioner,  )<br>V.                    )<br>                      )<br>UNITED STATES OF AMERICA,  )<br>                      )<br>          Respondent.  )<br>                      ) | Criminal No. 1:03cr337<br>Civil No. 1:05cv154 |

**MEMORANDUM OPINION**

This case is before the Court on Defendant's motion pursuant to 28 U.S.C. § 2255 requesting the Court to vacate, set aside or correct his 72 month sentence in light of the decision in United States v. Booker, 125 S.Ct. 738 (2005), and unspecified allegations of improper investigative techniques.

On November 26, 2003, petitioner pled guilty to Counts One and Four of a five-count indictment. Count One charged petitioner with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846; Count Two charged him with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). After his plea was accepted, the Court dismissed the remaining counts of the indictment.

In his plea agreement, petitioner agreed "that a sentencing enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, applies in this case..." See Plea Agreement, ¶ 1. In the incorporated statement of facts, the petitioner stipulated that he

hid a gun from investigators that was used in the charged offenses and attempted to induce his co-defendant to make false statements to investigators about petitioner's involvement in the conspiracy and with the firearm.  See Statement of Facts, ¶ 8.  In exchange for the benefits of the plea agreement, the petitioner waived his right to appeal his sentence pursuant to 18 U.S.C. § 3742.  See Plea Agreement, ¶ 3.

A presentence report (PSR) was prepared by the probation office, which calculated for Count One a total offense level of 13, a criminal history I, and a guideline range of 12 to 18 months.  For Count Four, the PSR calculated that the mandatory minimum, 60 months, must be imposed consecutively to any term of imprisonment imposed under Count One.  Petitioner offered no objection to the PSR.

Petitioner was sentenced on February 13, 2004, to 12-months imprisonment on Count One and 60-months imprisonment, imposed consecutively, on Count Four, three years of supervised release, and a $200 special assessment.

Judgment was entered on February 17, 2004.  Petitioner did not appeal the judgment of this Court.  Petitioner filed the instant motion to vacate on February 2, 2005, and he is presently incarcerated on this conviction.

On a motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct a sentence, the petitioner bears the burden of

proving the grounds for collateral relief by a preponderance of the evidence.  Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).  The petitioner may attack his sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States; the court was without jurisdiction to impose the sentence; or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. 2255.

Petitioner is proceeding *pro se*.  A *pro se* litigant is entitled to have his petitioner and asserted issues construed liberally.  *Pro se* petitioners are held to a less stringent standard than attorneys drafting such complaints. Gordon v. Leeks, 574 F.2d 1147 (4th Cir. 1978).

Petitioner alleges that his sentence must be vacated based upon United States v. Booker, 125 S. Ct. 738 (2005), and alleged improper investigative techniques.  Petitioner's sentencing and misconduct claims are procedurally barred; and any argument based on Booker is without merit because Booker does not apply retroactively.

If the errors asserted in a § 2255 motion were not raised either at sentencing or on direct appeal, a court must consider the challenge procedurally barred in a § 2255 proceeding.  See Bousley v. United States, 523 U.S. 614, 621-23 (1998); United States v. Frady, 456 U.S. 152, 167 (1982); see also United States v.

Mikalajunas, 186 F.3d 490 (4th Cir. 1999). Absent a showing that the ground of error was unavailable, a court may not consider the basis in a motion for § 2255 relief unless the petitioner establishes "cause" excusing his failure to raise the ground on direct appeal, and "actual prejudice" resulting from the alleged error. See Bousley 523 U.S. at 622; Frady, 456 U.S. at 152. Moreover, the existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim. United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). This standard presents "a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. at 166. As will be demonstrated below, neither petitioner's Booker argument nor allegations of improper investigative techniques excuse the procedural bar.

The petitioner did not raise the issues asserted in his motion at any time prior to his plea of guilty or sentencing, nor did he raise them on appeal. Generally speaking, a defendant who pleads guilty waives all claims relating to constitutional violations that occur before the entry of the plea. See, e.g., Tollett v. Henderson, 411 U.S. 258, 266 (1973). The Fourth Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's right of appeal. See United States v. General, 278 F.3d 389, 399-01 (4th Cir.), cert. denied, 536 U.S. 950, 122 S. Ct. 2642 (2002); United States v. Brown, 232 F.3d 399, 404-05 (4th Cir.

2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). In his plea agreement, the petitioner also waived any challenge to the application of the Sentencing Guidelines. See, e.g., United States v. General, 278 F.3d at 400; United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990) (waiver was voluntary and intelligent because defendant understood he was "waiving his right to appeal his sentence even though its exact length was as yet undermined").

In Murray v. Carrier, 477 U.S. 478, 488 (1986), the Supreme Court explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the... procedural rule" that was violated. "Cause" may exist where "a constitutional claim is so novel that its legal basis is not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984).  This kind of novelty, however, requires more than a showing that circuit precedent foreclosed the claim at the time of a plea or direct review. See Engle v. Issac, 456 U.S. 107, 130 n.35 (1982) ("futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time").

The petitioner cannot show that his failure to preserve his sentencing claim is the result of the novelty of the issues raised in Booker.  After all, in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court addressed the core issues that led to its

recent decision in Booker establishing the Guidelines as merely advisory, thus foreclosing any claim by petitioner that an objection to his sentencing on Booker-type grounds was not reasonably to him or his counsel.

Even if petitioner could establish cause for his failure to preserve his sentencing objection below or through direct appeal, he cannot show actual prejudice. The four circuits that have considered the issue have all held that Booker does not apply retroactively on collateral review. See Green v. United States, 2005 WL 237204 (2nd Cir. February 2, 2005); Humphress v. United States, 2005 WL 433191, *1 (6th Cir. February 25, 2005); United States v. Paladino, 2005 WL 435430, *7 (7th Cir. February 25, 2005); Valera v. United States, 2005 WL 367095, *4 (11th Cir. February 17, 2005). In United States v. Johnson, 2005 WL 170708 (E.D. Va. (Norfolk) January 21, 2005), a court in this District likewise ruled that Booker does not apply retroactively on collateral review.

Moreover, the petitioner cannot establish actual prejudice from the failure to apply Booker's rationale when fashioning his sentence. Petitioner's sentence derives in part from a statutory mandatory minimum on Count Four, an agreed-to sentencing enhancement for obstruction of justice with regard to Count One, and a sentence within the appropriate guideline range on Count One. Although Booker now holds that the Sentencing Guidelines are

6

advisory, based on the presumptive reasonableness of a sentence within the guideline range and in light of petitioner's stipulation to a sentencing enhancement he cannot establish any actual prejudice arising from his failure to raise an objection to the application of the Guidelines or the calculation of his particular sentence.

Based on the foregoing, the Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

                                                               /s/
                                 _____
                                 CLAUDE M. HILTON
                                 UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 20    , 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

---

YONG HO NAM,               )
        Petitioner,  )
V.                         )   Criminal No. 1:03cr337
                   )   Civil No. 1:05cv154
UNITED STATES OF AMERICA,  )
                   )
        Respondent.  )
_____)

**ORDER**

     This matter comes before the Court on the petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the petitioner's motion is DENIED.

The Clerk is directed to send a copy of this Order and a copy of the accompanying Memorandum Opinion to the petitioner and to the United States Attorney of this District.

                                                        /s/
                                    _____
                                    CLAUDE M. HILTON
                                    UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April    , 2005